IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFREDO PORRAS,

      Plaintiff,

v.                                                CV 10-565 JCH/WPL

QWEST CORPORATION,

      Defendant.

**ORDER**

    Qwest Corporation filed a motion to preclude Plaintiff from using evidence at trial that Plaintiff did not timely disclose. In the alternative to preclusion, Qwest has requested that: (1) Plaintiff be required to produce the withheld documents immediately; (2) Qwest be allowed to continue Plaintiff's deposition; and (3) Qwest be awarded its costs in filing the motion as a sanction. (Docs. 51, 54). I have considered the briefs filed by the parties (Docs. 54, 58, 61) and will grant Qwest's alternative requests.

    The facts relevant to this motion are not in serious dispute. The deadline for discovery on Plaintiff's race/national origin discrimination claim was May 13, 2011. (Docs. 21, 41.) Plaintiff's deposition was scheduled for May 11, 2011. The day before the deposition, Plaintiff amended his answers to interrogatories and indicated that supplemental disclosures would be provided on May 11, 2011. While the parties dispute exactly what was provided on May 11, 2011, at least some of the supplemental disclosures were provided during the afternoon of the deposition after Qwest made specific request for them. Plaintiff admitted at his deposition that he had not previously provided the documents to his attorney because "this was just stuff that I didn't think it [sic] was important,

I guess." (Doc. 54, Ex. 4 at 4.)

FED. R. CIV. P. 37(c)(1) provides that a party that fails to provide information as required by Rule 26(a) or (e) may not use that information at trial unless the failure to disclose was substantially justified or is harmless. Determining whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court, which should consider the following factors in making its determination: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted). In 2006 the Tenth Circuit clarified that a showing of bad faith is not required for a court to exclude evidence as a sanction for a discovery violation, but it can be considered as part of a party's explanation for its failure to comply with the Federal Rules of Civil Procedure. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (10th Cir. 2006).

Crucial to the resolution of this dispute is the fact that Qwest requested at the initial scheduling conference that I prohibit discovery on Plaintiff's ADEA claim because it had a pending motion for summary judgment on this issue. When Plaintiff's counsel agreed with this request, I prohibited discovery on the ADEA claim and ruled that Plaintiff would be entitled to discovery on that claim if the motion was denied. (Doc. 21.) Judge Black denied Qwest's motion for summary judgment on May 9, 2011. (Doc. 48.) After discussions with counsel, I set a deadline of September 1, 2011 for the parties to complete discovery on the ADEA claim. (Doc. 68.)

Plaintiff acted unreasonably by not providing all documents to his counsel earlier in this case. Qwest has complained that Plaintiff did not provide documents such as check stubs and information on the cost of benefits packages. (Doc. 54 at 5.) However, Qwest should have such

information in its files, so it is not clear to what extent Qwest would be prejudiced or surprised by its existence. Further, because there is no trial date and the parties have to complete discovery on the ADEA claim, any prejudice to Qwest can be cured by allowing it to continue Plaintiff's deposition concerning the new documents and to depose any other witnesses it deems necessary in light of the information contained in the documents.

IT IS THEREFORE ORDERED that Qwest's request for preclusion of evidence is denied. Additionally, since Plaintiff warranted that he has now produced all documents relevant to both claims, Qwest's request for production of documents is moot. However, because Plaintiff admittedly did not produce the documents in a timely manner, Qwest is entitled to recover the attorneys' fees it spent in preparing its Motion to Preclude and its Reply. FED. R. CIV. P. 37(c)(1)(A).

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge